IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARTIN CRESPO-ANDINO
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 12-1928CCC

**JUDGMENT**

     This is an action brought under 28 U.S.C. § 2255(a) to vacate, set aside or correct a sentence imposed by this Court filed by petitioner Martín Crespo-Andino on November 13, 2012 (**docket entry 1**). Petitioner was originally sentenced on August 7, 2012 to a term of imprisonment of 168 months. (Crim. No. 11-361, Docket Nos. 30, 31). He subsequently filed a tardy notice of appeal on October 3, 2012, and on February 14, 2013 we disallowed an enlargement of time to file it explaining in detail the reasons for such a denial. (Crim. No. 11-361, Docket No. 41). Consequently, on April 4, 2013, the Court of Appeals entered judgment dismissing the appeal. United States v. Crespo-Andino, Appeal No. 12-2281 (1st Cir. Apr. 4, 2013).

     Petitioner's § 2255(a) motion was, thus, prematurely filed while the criminal conviction for kidnaping for ransom was pending direct review before the Court of Appeals for the First Circuit. It is settled law in the First Circuit that "in the absence of extraordinary circumstances, the orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." United States v. Weekes, 611 F.3d 68, 72 (1st Cir. 2010) (quoting United States v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted)); see United States v. Díaz-Martínez, 71 F.3d 946, 953 (1st Cir. 1995). Indeed, the Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Proceedings, state that motions to vacate are

CIVIL 12-1928CCC                                           2

inappropriate if the movant is simultaneously appealing the decision, although there is no jurisdictional bar.

Aside from this initial impediment, even assuming it had not existed at the time of filing, the petition is totally devoid of any plausibly meritorious information which the Court may review in considering the remedy sought.  Petitioner presents a rote laundry list of constitutional violations attributed to his defense, but nothing else beyond those conclusory statements.  In short, petitioner's argument is inadequate and undeveloped.  See Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Berroa Santana v. United States, 939 F. Supp. 2d 109, 121 (D.P.R. 2013).  Therefore, the motion to vacate, set aside or correct sentence (**docket entry 1**) is DENIED.

Additionally, no certificate of appealability shall issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on December 30, 2013.


                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge